IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sombut Pauluch, <br> aka Sombut Pumyathep, <br><br> Petitioner, <br><br> vs. <br><br> Eric Holder, et al., <br><br> Respondents. | No. CV-09-1416-PHX-JWS (LOA) <br><br> **REPORT AND RECOMMENDATION** |

Petitioner has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, docket # 1, asserting that his continued detention by the Department of Homeland Security is unlawful because he has a substantially meritorious claim to United States citizenship.[1] Petitioner seeks release from custody or a new bond hearing before an Immigration Judge. Respondents have filed a Suggestion of Mootness, asserting that this matter is moot because Petitioner was released on recognizance on August 11, 2009.[2] (docket # 8)

**I. Background**

Petitioner was born in Thailand in 1968. He alleges that his father was a United

---

[1] Petitioner also sought injunctive relief and the appointment of counsel. (docket # 1) The Court denied those requests in a July 20, 2009 order. (docket # 5)

[2] Respondents have also filed a Response in Opposition to Petition for Writ of Habeas Corpus. (docket # 11) In view of the subsequently filed Suggestion of Mootness, the Court need not consider Respondents' Response.

States citizen stationed at a United States Air Force base in Thailand. After Petitioner's birth, his mother and father were married in the United States. In 1977, Petitioner moved to the United States and his birth certificate was corrected to reflect that his American father was his natural father. Petitioner's father died in 1979.

In April 2007, an Immigration Judge (IJ) ordered Petitioner removed under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who has been convicted of an aggravated felony. On August 29, 2007, the Board of Immigration Appeals ("BIA") remanded Petitioner's case to the IJ for further consideration of Petitioner's claim to United States citizenship. On January 8, 2008, the IJ again ordered Petitioner removed. On May 14, 2008, the BIA dismissed Petitioner's appeal. On May 27, 2008, the Ninth Circuit Court of Appeals granted Petitioner a temporary stay of removal in his petition for review. *Pumyathep v. Holder*, NO. 08-72220 (9th Cir. pet. filed May 27, 2008). On September 19, 2008, the BIA granted Petitioner's motion to reopen and remanded the case to the IJ with instructions to consider new evidence regarding Petitioner's claim to citizenship. On February 24, 2009, the Ninth Circuit dismissed Petitioner's appeal because the BIA's order reopening the administrative proceedings deprived the court of appeals of jurisdiction.

On October 1, 2008, while Petitioner's appeal was pending before the Ninth Circuit, an IJ denied Petitioner's request for release on bond. On February 3, 2009, the BIA dismissed Petitioner's appeal from the IJ's order denying release on bond.

Petitioner alleges that the United States Citizenship and Immigration Services ("USCIS") recently informed him that it only needed a few more items to process his N-600 Application for Certificate of Citizenship. Petitioner alleges he has submitted those documents to USCIS.

In his Petition, Petitioner argues that his continued detention is unlawful because he has a substantially meritorious claim to United States Citizenship. The Ninth Circuit has held that a habeas corpus petitioner need not wait until completion of his removal

proceedings before seeking review in the district courts of his claim that his detention is unlawful because he is a citizen of the United States. *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008).

**II. Analysis**

As previously stated, in his § 2241 Petition, Petitioner seeks release from custody on that his detention is unlawful because he has a substantially meritorious claim to United States citizenship. (docket # 1) After Petitioner filed his Petition, on August 11, 2009, he was released on recognizance. (docket # 12, docket # 12-1) Because Petitioner has been released from custody he has been awarded the relief he was seeking in his § 2241 petition.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 395 (1980); *see also PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). An actual case or controversy must exist at all stages of judicial review." *Ortez v. Chandler*, 845 F.2d 573, 574-575 (5th Cir. 1988) (holding that no case or controversy existed where movant, who challenged his bond determination, had been deported because the relief he requested — reduction of his bond — could no longer be effected.) This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Geraghty*, 445 U.S. at 395. This Court lacks jurisdiction to review moot issues. *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (stating that "[i]t is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies."). A moot action is not subject to a judicial resolution. An action is moot when the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir.1989).

Here, Petitioner challenges his detention by DHS and seeks release from custody or a bond hearing before an Immigration Judge. In view of Petitioner's release from custody, the relief he requests — release from custody or a hearing before an Immigration Judge — can no longer be effected. Therefore, no "case or controversy" remains and the Petition is moot. *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed.); *American Rivers v. National Marine Fisheries Services*, 126 F.3d 1118, 1123 (9th Cir. 1997) (stating that "[a] claim is moot if it has lost its character as a present, live controversy.")(citation omitted); *Xie v. Schiltgen*, No. C 99-4150 VRW, 2001 WL 637409, * 1 (N.D. Cal., May 24, 2001).

Accordingly,

**IT IS HEREBY RECOMMENDED** Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED** as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 21st day of August, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge